UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
MENACHEM TAUBENFLIEGEL
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,


            -against-


NORTHSTAR LOCATION SERVICES, LLC

                        Defendant.


--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Menachem Taubenfliegel seeks redress for the illegal practices of Northstar

      Location Services, LLC concerning the collection of debts, in violation of the Fair Debt

      Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

      that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

      Cheektowaga, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

      1692(a)(6).

### *Jurisdiction and Venue*

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Menachem Taubenfliegel*

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about September 18, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.  Said letter stated in pertinent part as follows: **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."**

12.  Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

13.  Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

14.  Such language is deceptive and misleading in violation of the FDCPA.

15.  Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred…if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full

consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

16.    However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P

reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight

exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

17.    It is entirely possible to provide forgiveness of debt and yet not be required to report it to

the IRS.

18.    There are several exceptions in which settlements in excess of $600.00 are not reported

to the IRS.

19.    The said language injects the Internal Revenue Service where there is no legal

requirement or other obligation to do so.

20.    Defendant included the language regarding the IRS in an attempt to intimidate Plaintiff,

in violation of the FDCPA.

21.    In this case, the least sophisticated consumer when reading the said letter thinks that if

he does not contact Defendant immediately, a 1099-C Form could be filed with the IRS.

22.    The false and deceptive threat was made in an effort to scare and frighten the least

sophisticated consumer into thinking he has to deal with the IRS and pay tax on the debt

if she does not pay the amount in full.

23.    Defendant included the said language in its letter as a collection ploy designed to

deceive or mislead the least sophisticated consumer into thinking the IRS will be somehow involved in their debt, in violation of the FDCPA.

24.     The least sophisticated consumer will be led to believe that in order not to be reported to the IRS, he must contact Defendant to keep that from occurring, regardless of whether the debt is reportable.

25.     Defendant is not an applicable entity with a reporting obligation, it is but a debt collector. Defendant should especially refrain from giving such misleading tax advice, by suggesting that there is a possibility that the IRS could be involved in Plaintiff's debt, when, in fact, under no set of current circumstances would the IRS be involved.

26.     Additionally, Defendant's use of conditional language--the use of the word "may"—does not save it from liability.

27.     The Seventh Circuit, in Lox v. CDA, Ltd., 689 F.3d 818 (7th Cir. 2012), stated "that it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass". *Id.*, at 825. In reaching this conclusion, the Court in *Lox* discussed *Ruth v. Triumph P'Ships*, 577 F.3d 790 (7th Cir. 2009), and *Gonzales v. Arrow Fin. Servs.*, *LLC,* 660 F.3d 1055 (9th Cir. 2011). In *Gonzales*, the defendant had alleged that it would report the account as settled "if [the defendant was] reporting the account..." *Id.*, at 1059. In *Gonzales*, the defendant could not legally report the debt to a credit bureau, much like in this case Defendant, or its client, could not legally file a Form 1099-C with the IRS. Gonzales specifically reasoned that "[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." *Id.*, at 1063. In *Ruth*, the defendant alleged that it "may collect and/or share all the information

[defendant obtains] in servicing [the plaintiff's] account". *Id.*, at 793. However, the defendant in *Ruth* was legally barred from sharing any information absent consent, much like Defendant, or its client, is legally barred from filing a Form 1099-C with the IRS regarding Plaintiff's debt. Defendant simply included the IRS in its letter to intimidate and mislead Plaintiff.

28.  Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt. Advising Plaintiff that The Internal Revenue Service requires that they be notified with information about amounts of $600 or more, the statement, **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."** is deceptive and misleading in violation of the FDCPA.

29.  The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what Northstar Location Services, LLC claims is owed.

30.  Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. The Defendant's statement that: **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."** as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited.

31.  Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

32.  Here, there is no basis to conclude that a triggering event has or will occur requiring Discover Bank to report such forgiveness on a 1099C.

33.    The gratuitous reference in a collection letter that a collector's client will report the letter's settlement offer to the IRS, is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.[1]

34.    Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."** Such a statement is objectively false. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

35.    Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C form may be reported to the IRS.

36.    Said letter language is false and deceptive in that it does not explain that the Defendant's client is prohibited from reporting forgiveness on a 1099C form unless and until both

---

[1] Foster v. Allianceone Receivables Mgmt., No. 15-cv-11108, 2016 U.S. Dist. LEXIS 56958, at *5-6 (N.D. Ill. Apr. 28, 2016). ("Plaintiff also argues that including any language regarding the IRS is a "collection ploy designed to deceive or mislead" the consumer into thinking that the IRS could be involved in their debt where there is no set of circumstances in which the IRS would be involved. At issue in this case is whether the unsophisticated consumer would plausibly be deceived by the Letter, and whether this deception would lead that consumer to settle the matter without negotiating the debt for fear that the settlement would be reported to the IRS. While the language at issue is not necessarily a misrepresentation of the law, by Defendant's own admission, the offered debt write-off does not meet the $600.00 threshold mentioned. It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead "a person of modest education and limited commercial savvy." As a consumer may forego his or her rights related to the disputed debt, by settling the matter without negotiation due to this deception, the statement in question is material. Accepting the Complaint's well-pleaded factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges sufficient facts to state a plausible claim for relief."), Velez v. Enhanced Recovery Co., No. 16-164, 2016 U.S. Dist. LEXIS 57832 (E.D. Pa. May 2, 2016). ("The Statement "may not be false in all respects, [but] it certainly is not completely true... the use of the contingent "may" in the Statement here does not materially distinguish it from the challenged language in Good because both phrases fail to communicate that there are other exceptional circumstances beyond the threshold amount that affect whether the cancellation of the debt is reportable... The least sophisticated debtor, given a generally applicable rule **with some, but not all**, of the relevant exceptions thereto, might be misled into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The conditional "may" of the Statement does not remove from the realm of possibility that the least sophisticated debtor might be deceived into thinking that ERC must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute and regulations... It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the "invocation of the IRS reasonably suggests…that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more." The least sophisticated debtor could reasonably assume that ERC included the Statement because it was relevant, and such a debtor could believe, given the lack of specificity in the generally-stated rule that mentions one exception but not others, that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements... we do not believe that the conditional "may" of the Statement renders it proper...The least sophisticated debtor, even reading carefully, might not understand that the "may" refers only to the $600 threshold and to no other possible triggering event or exception. It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that ERC retained some discretion in whether to report or that some other related federal law governed the reporting of the discharge.") (emphasis added)

Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

37. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

38. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that 1099C forms are only issued for principal forgiveness not interest forgiveness.

39. Said letter does not indicate how much of the current debt is interest and how much of it is principal.

40. Said letter fails to disclose to consumers that there is a distinction between principal and interest.

41. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

42. Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. Defendant's statement that its client **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."** as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

43.     Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to report any forgiveness on a 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to report any forgiveness on a 1099C tax form without regard for said "identifiable events" is a violation of § 1692e(8).

44.     The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant say is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

45.     The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

46.     The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

47.     The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

48.     The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in its collection letters.

49.     Defendant's letter fails to disclose to consumers that there is a distinction between

principal and interest.

50.    Providing incomplete information misleads and deceives consumers into believing that they may have problems with the IRS when in fact, this may not be the case.

51.    Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. [2]

52.    The letter violated 15 U.S.C. § 1692e, by falsely representing that **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."** Such a statement is objectively false. The said settlement may not be reported to the IRS.  Said letter is false and deceptive in that it does not explain that it is only under <u>certain limited circumstances</u> that a 1099C Form may be reported to the IRS.

53.    Just like the Second Circuit held in <u>Easterling v. Collecto, Inc.</u>, The operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret Northstar Location Services, LLC's letter's statement: **"Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form."** as representing, incorrectly, that the debtor is completely foreclosed from obtaining a settlement that includes forgiveness of $600.00 or more without the Defendant informing the IRS (which would create a tax liability) for the debt in question.

54.    The wording used in this letter is false and misleading because according to 26 C.F.R. §

---

[2] <u>Wagner v. Client Services, Inc.</u>, 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Court refused to dismiss claim that 1099C warning was literally false, where defendant failed to show that plaintiff was not within one of the exceptions to the reporting requirement.), <u>Good v. Nationwide Credit, Inc.</u>, No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014). (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.), <u>Kaff v. Nationwide Credit, Inc.</u>, 13-cv-05413-SLT-WP. (1099 language in violation because it failed to apprise debtors that exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts.) Many classes have been certified. See Sledge v. Sands, 1998 WL 525433(class certified), <u>Follansbee v. Discover Fin. Servs.</u>, 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

1.6050P-1(d)(3), forgiveness of Interest is not a reportable event and would not require a copy of 1099C to be filed with the IRS. The least sophisticated consumer test is an objective inquiry directed toward "ensuring that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon*, 988 F.2d at 1318. The FDCPA does not place considerable – or dispositive – weight on the facts and circumstances surrounding a debtor's background. By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question. See *Clomon*, 988 F.2d at 1318.

55.   Moreover, not only is the Defendant's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of obtaining a settlement which includes a discharge of $600.00 or more without creating a tax liability.

56.   This is because the least sophisticated consumer could be led to believe:

> That unless the consumer pays the **<u>entire</u>** amount that the letter alleges is owed on the debt, the consumer is likely to be reported to the IRS.
>
> That unless the consumer pays the **<u>entire</u>** amount the letter alleges is owed for the debt, the consumer is likely to have to pay taxes on the entire unpaid balance.

57.   In addition, the 2nd Circuit has found that Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.[3]

58.   The FDCPA does not require that tax consequences be identified in collection letters

---

[3] *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), *Clomon v. Jackson*, 988 F.2d 1314,1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), *Russell v. Equifax A.R.S.* 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

59. The Defendant's collection letter's capacity to discourage debtors from accepting any settlement that includes forgiveness of $600.00 or more - without the IRS sending the debtor a 1099C- renders its misrepresentation exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. See 15 U.S.C. § 1692(e).

60. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

61. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

62. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

63. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

64. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

65. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

66. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and

participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

67.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

68.     As an actual and proximate result of the acts and omissions of Northstar Location Services, LLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

<u>**AS AND FOR A CAUSE OF ACTION**</u>

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

69.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty eight (68) as if set forth fully in this cause of action.

70.     This cause of action is brought on behalf of Plaintiff and the members of a class.

71.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about September 18, 2017; (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Discover Bank; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the  Defendant violated 15 U.S.C. §§ 1692d,

1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

72.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.  Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.  The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

73.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class

action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

74. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

75. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

76. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

77. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
September 18, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

**NORTHSTAR**
**LOCATION SERVICES, LLC**
4285 Genesee Street
Cheektowaga, NY  14225-1943
1-866-224-9825
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-12PM ET

September 18, 2017

**Creditor:** Discover Bank
**Account #:**  ***********5862
**Balance:**  $2,352.15
**Amount Remitted:**  $ _____

201700000497639-S3P

1 AB   *A-01-L7W-AM-00314-2

MENACHEM M TAUBENFLIEGEL
711 DITMAS AVE # 1
BROOKLYN NY 11218-5909

NORTHSTAR LOCATION SERVICES, LLC
ATTN:  FINANCIAL SERVICES DEPT.
PO BOX 49
BOWMANSVILLE NY 14026-0049

---

*To ensure proper credit, return this portion with your payment.*

| Creditor | Account # | Balance | Amount Remitted |
|----------|-----------|---------|-----------------|
| Discover Bank | ***********5862 | $2,352.15 | |

We have been authorized by our client, Discover Bank, to offer you an opportunity to settle your account or you may choose to make a monthly partial payment. The following options are available to you:

- 1 payment of $1,199.60, which is 51% of the current balance due by 10/03/17.

- 3 payments of $431.23, which is 55% of the current balance due by 10/03/17, 11/02/17, and 12/02/17.

- Partial payment arrangement with a down payment of $235.23 due by 10/03/17, and monthly payments thereafter of $176.41 for 12 months due by the 3rd of each month.

Should you wish to take advantage of any of these options, your first payment must be received by no later than 10/03/17.

Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void. We are not obligated to renew this offer.

Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax adviser of your choosing.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-866-224-9825
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at https://www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-866-224-9825  to make your payment.

This collection agency is licensed by the Department of Consumer Affairs, the City of New York License # 1179143.



Payment website: https://www.gotonls.com